In the Matter of the Petition of JOSEPH FINE for a Writ of Habeas Corpus for the Purpose of Inquiring into the Cause for the Imprisonment and Restraint of One JULIUS E. SCHICK. THE PEOPLE OF THE STATE OF NEW YORK ex rel. JULIUS E. SCHICK, Relator-Respondent, v. FRANK J. QUAYLE, JR., Sheriff of the County of Kings, and PETER CORBO, Warden of the City Prison of the City of New York, Respondents; SAMUEL GOLDSTEIN, Appellant.— Samuel Goldstein brought an action against Julius E. Schick (the relator) to recover money which Schick, the defendant therein, had collected as agent in a fiduciary capacity for the plaintiff, but had wrongfully and unlawfully retained, concealing from the plaintiff the fact that he had made such collection. It amounted to an action for conversion although the plaintiff asked an accounting as to certain counsel fees and expenses that the defendant was entitled to retain out of the fund, the amount of which he was not advised. It resulted in a judgment for plaintiff in which it was adjudged " that out of the trust fund of $7,500 wrongfully retained by the defendants and secretly received by them   *   *   *   the plaintiff is entitled to the sum of $3,000 with interest." No appeal was taken from the judgment. After the judgment was entered the defendant filed a voluntary petition in bankruptcy and was eventually discharged. The defendant Schick then sought to cancel the judgment, but his motion for that relief was denied at Special Term and affirmed in this court (243 App. Div. 814). This was a determination that the judgment was in tort. Subsequently an execution against the property was returned unsatisfied; and on an execution against the person the defendant was taken into custody by the sheriff of Kings county. The defendant applied for a discharge from custody by a writ of habeas corpus and an order was granted discharging him from further imprisonment. Order sustaining writ and discharging the relator reversed on the law, the writ dismissed, and the defendant remanded to custody. The court had jurisdiction to grant the judgment, and the remedy of the relator, if aggrieved, was by an appeal  It may not be reviewed in habeas corpus proceedings. The execution against the defendant's person was properly issued under the judgment. Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ., concur.

In the Matter of the Application of WILLIAM H. OSBORN, Appellant, for a Certiorari Order against NORMAN CHAMPLIN and Others, as Assessors of the Tax District Composed of the Town of Philipstown, Putnam County, New York, and HUDSON RIVER STONE CORPORATION, Respondents.— Order vacating and setting aside a certiorari order which directed a review of the proceedings of assessors in valuing property of the respondent corporation affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.